Opinion op the Court_There appears to be a variance between the record and the statement in the bill of exceptions : in the record it is stated that the plaintiff was joint security with the defendant — in the bill exceptions, that the plaintiff was security for the defendant and John Tennell, jun. — If the record is correct, there is certainly no cause to complain of the judgment of the inferior court.
If the statement in the bill of exceptions be true, at first view the case may appear more doubtful; but upon a full examination of the whole statement, the judgment of the inferior court is still correct; for if Dozier and Tennell, jun. were joint obligors,for whom Tennell, sen. was security, and has received a pledge from Tennell, jun. to indemnify him, he ought not to recover the whole debt from the other obligor ; besides, it appeal's that the plaintiff did assume to pay half of the debt. If then he had a pledge, and assumed half of the debt, although he has been compelled to pay the whole, he ought not to recover of the defendant more than half; for which he has recovered judgment. But it is urged that the act under which the motion was made, does not authorize or permit the defendant to make use of such circumstances in his defence; that in an action of debt, under the plea of payment or accord and satisfaction, they could not be given in evidence ; and that on motion set-offs cannot. To this, it was properly answered, that the proper action at law was assumpsit, and that under the plea of non assumpsit the defendant might avail himself of any equitable circumstances to shew that in equity and good conscience he ivas not bound to pay the demand ; and that such proceedings should be permitted under the act as would place the parties as near as possible in the same situation as they would stand in a trial at common law. The doctrine contended for by the plaintiff’s counsel cannot be correct. Suppose the security had paid more money than could legally have been demanded of the principal ; could the security recover it ? No. And for the same reason that the high sheriff cannot recover more from his deputy, than the ■deputy was bound to pay, who had received money by virtue of an execution — 1 Call. 51. Again, suppose the other obligor had paid one half of the debt to the secu- *48 nty, could not the defendant shew this by way of set-off,-aad rebut the plaintiff’s demand as toso much? He certainly might.
Judgment affirmed;